UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7240 CAS (JEMx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | ROSE ANN FERNANDEZ v. PERRIS LAKE SCHOOL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 5, 2009, plaintiffs Rose Ann Fernandez and Nicholas Eric Fernandez ("Nicholas") filed the instant action against Perris Lake School for claims arising from numerous injuries that were inflicted upon Nicholas while in the care of defendant. Compl. at 1.  Plaintiffs allege claims for (1) assault; (2) libel; and (3) slander.  Id.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint.  Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983).  Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd., 463 U.S. at 27-28.  As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim."  Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000.  Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7240 CAS (JEMx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | ROSE ANN FERNANDEZ v. PERRIS LAKE SCHOOL | | |

different States . . .").  Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1).

In the instant case, plaintiffs do not make any claims that there exists a federal question, or that there is diversity between the parties, pursuant to 28 U.S.C. § 1332(a)(1).  As such, the Court lacks jurisdiction to hear the instant case unless plaintiffs provide a basis for jurisdiction.  Accordingly, plaintiffs are hereby ORDERED to SHOW CAUSE on or before December 15, 2009 why the instant action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |